ORIGINAL

FILED IN CLERK'S OFFICE
U.S D C  Atlanta

**IN THE UNITED STATES DISTRICT COURT**    SEP 1 2 2005
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**    LUTHER D. The : 3, Clerk
By _Menu H Deputy Clerk_

| | | |
|---|---|---|
| DAYLE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | **1 05-CV 2378** |
| WELLSTAR HEALTH SYSTEM, INC.; | ) | |
| and BRONWYN O'DELL; | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMAND-RLV** |
| | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, and submits her complaint, showing this Honorable

Court as follows:

### (Parties, Jurisdiction and Venue)

1.

This cause of action arises under Title VII of the Civil Rights Act of 1964 as

amended, 42 U.S.C. §§ 2000e *et seq.* (hereinafter "Title VII") as well as 42 U.S.C. §

1981, seeking a remedy for race, religious and national origin discrimination and

retaliation, all of which occurred during the course of Plaintiff's employment.

Jurisdiction is conferred pursuant to 42 U.S.C § 2000e-5 and 28 U.S.C. § 1331.

-1-



2.

Plaintiff ("Ms. Thompson") is a resident of the State of Georgia.

3.

Defendant Wellstar Health System, Inc ("Wellstar"), is a Georgia corporation, and may be served through its registered agent, Samuel D. Bishop, at 531 Roselane Street, Suite 600, Marietta, Georgia 30060.

4.

Defendant Bronwyn O'Dell ("O'Dell") is a resident of the state of Georgia.

5.

Jurisdiction and venue are proper in this Court.

**(Factual Allegations)**

6.

Ms. Thompson worked for Wellstar until her termination on or about February 19, 2004.

7.

While working for Wellstar and her immediate supervisor, Bronwyn O'Dell, Ms. Thompson observed race, religious and national origin discrimination practices in the workplace.

-2-

8.

Ms. Thompson opposed these discriminatory practices and brought them to the attention of management for Wellstar.

9.

As a result of her opposing these discriminatory practices, Defendants retaliated against Plaintiff which culminated in her eventual termination.

## Count I

## (Title VII - Retaliation)

10.

Plaintiff respectfully incorporates the foregoing paragraphs herein.

11.

At all times relevant, Defendant Wellstar is and has been engaged in an industry affecting commerce and have employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and are subject to the provisions of Title VII.

12.

At all times relevant, Defendant Wellstar is and was an "employer" as defined in Section 701(b) of Title VII.

13.

Plaintiff was retaliated against by and because of her opposing unlawful, discriminatory employment practices.

14.

The above-described retaliation made Plaintiff's job difficult to perform and placed stress, fear and humiliation on the Plaintiff not endured by her other co-workers.

15.

All jurisdictional prerequisites to the institution of Plaintiff's suit under Section 706 of Title VII have been fulfilled: Plaintiff filed her charges within 180 days of the discriminatory acts; Plaintiff was issued a right to sue from the EEOC; and Plaintiff now files this complaint within 90 days of receipt of the right to sue.

16.

The actions complained of above were done out of retaliation for Plaintiff's opposition to unlawful employment practices.

17.

Defendant performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally-protected

-4-

rights.

18.

As a direct result, Plaintiff has been harassed, terminated, lost wages, lost benefits, and suffered compensatory damages in an amount to be proven at trial.

## **Count II**

### **(Section 1981)**

19

Plaintiff respectfully incorporates the foregoing paragraphs herein.

20

At all times relevant, Defendants retaliated against Plaintiff for her opposition to the Defendants' discriminatory acts and practices that interfered with her fellow co-workers' right to make and enforce contracts, rights of association, as well as the full and equal benefits of the laws.

21.

Defendants' retaliation against the Plaintiff resulted in her being harassed, terminated and ridiculed for her attempts to protect others from illegal discrimination based on their race, national origin, or religion.

## Count III

### (Age Discrimination)

22.

Plaintiff reincorporates the above allegations herein by reference.

23.

Plaintiff's claims have been pending with the EEOC more than 60 days.

24.

Plaintiff has met all jurisdictional prerequisites to filing her Age

Discrimination claim.

25.

Defendant Wellstar is Plaintiff's "employer" as that term is defined under

29 U.S.C. § 623.

26.

At the time of Defendant's decision to terminate the Plaintiff, she was over

the age of 40

27.

Despite being more qualified than her younger co-workers, Plaintiff was

terminated as these younger less-qualified workers were kept or not so disciplined.

28.

Defendants' discrimination was willful and intentional and has directly caused Plaintiff damages, including costs and attorneys fees, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff prays as follows:

(a)     That this matter be heard in a trial by jury;

(b)     For judgment against Defendants for back pay, front pay, lost wages and benefits, special, general, liquidated and compensatory damages in an amount to be determined at trial;

(c)     For judgment against Defendants for Plaintiff's attorney's fees and costs incurred in this action;

(d)     For prejudgment interest;

(e)     For punitive damages; and

(f)     For such other and further relief as the court may deem just and proper.

## Jury Demand

Plaintiff herein demands a trial by jury of all issues in this action.

## Jury Demand

Plaintiff herein demands a trial by jury of all issues in this action.


This the _9_ day of September, 2005.

**Miles, McGoff & Moore, LLC**

By:_____
     Larry A. Pankey
     Georgia Bar No. 560725
     Marcus G. Keegan
     Georgia Bar No. 410424


4360 Chamblee Dunwoody Road, Suite 400
Atlanta, Georgia 30341-1055
Telephone: (770) 457-7000
Facsimile: (770) 455-3555

Attorneys for Plaintiff